# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60239
Summary Calendar

————————

Manpreet Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 422 426

———————————————————

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Manpreet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) decision to dismiss his appeal from the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Singh is a worker for the Mann party. He claims that he suffered persecution when he was attacked and threatened twice by members a rival political party, the Congress party. The first attack was in June 2018. Singh was hanging Mann party posters when members of the Congress party approached him. Singh said that after he refused their offer to sell drugs for them, they punched and kicked him in the stomach for about seven minutes. He was taken to a doctor, where he received medicine and ointment. Singh testified that when he tried to report the attack to the police, they threatened to arrest him. The second attack was three months later. Singh said he was returning from a Mann party event when another group of men warned him to leave the Mann party and beat him, this time with sticks for about ten minutes. Singh was again taken to a doctor, treated for about two hours, and given a tetanus shot and some cream.

Singh fled India and entered the United States in December 2018, seeking asylum based on political persecution and fear of torture. The IJ denied his application, and the BIA dismissed his appeal. Singh petitioned this court for review. He contends that the BIA erred in determining that he failed to show that he was subjected to past persecution, that he did not have a well-founded fear of future persecution, and that he was not entitled to protection under the CAT.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review the BIA's factual findings for substantial evidence and legal determinations de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (per curiam). Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019) (per curiam).

First we consider the BIA's determination that Singh did not suffer persecution. Persecution "is *not* harassment, intimidation, threats, or even assault." *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020). Rather, it "is a specific term that does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Id.* (internal quotation marks and citation omitted). Persecution requires "a *sustained*, systematic effort to target an individual on the basis of a protected ground," so "even those subject to brutal physical attack are not necessarily victims of 'persecution.'" *Id.* at 397–98. And "threats that are exaggerated, non-specific, or lacking in immediacy" are insufficient to show past persecution. *Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (internal quotation marks and citation omitted).

We have previously considered cases with similar facts and held that these allegations are not extreme enough to compel a finding of past persecution. *See Gjetani*, 968 F.3d at 398 (collecting cases); *Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019) (explaining that threats of incarceration are not persecution, and neither are death "threats that are exaggerated, non-specific, or lacking in immediacy" (internal quotation marks and citation omitted)). Accordingly, the evidence does not compel a finding of past persecution. *See Martinez-Lopez*, 943 F.3d at 769.

"To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Gjetani*, 968 F.3d at 399 (internal quotation marks and citation omitted). An applicant cannot establish a well-founded fear of persecution if he could "avoid persecution by relocating to another part of his home country." *Munoz-Granados*, 958 F.3d at 407 (citation omitted). And where, as here, an applicant "does not show past persecution" or "demonstrate that a national government is the persecutor, the applicant bears the burden of showing that the persecution is not geographically limited

in such a way that relocation within the applicant's country of origin would be unreasonable." *Lopez-Gomez*, 263 F.3d at 445. Substantial evidence supports the BIA's determination that Singh has not carried his burden of demonstrating a well-founded fear of future persecution. Singh concedes that he was not attacked by government officials and only provides speculative assertions that he cannot relocate because it would be easy for any rival political party to find and target him.

Thus, Singh cannot show that he was entitled to asylum. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Because Singh "failed to establish the less stringent well-founded fear standard of proof required for asylum relief," he cannot meet the more stringent burden for withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (internal quotation marks and citation omitted).

Finally, to show entitlement to relief under the CAT, Singh must prove that it is more likely than not that he will be tortured by or with the consent or acquiescence of public officials if he returns to India. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Singh argues that he is entitled to protection under the CAT because the record establishes that it is more likely than not that he will be tortured by the Indian police or government if forced to return to India. But he concedes that he was not attacked by government officials. We thus agree with the BIA that Singh is not entitled to protection under the CAT. *See Martinez-Lopez*, 943 F.3d at 769.

The petition for review is therefore DENIED.